IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00124-BNB

FLOYD E. DODDS,

    Plaintiff,

v.

QUINTERO, Deputy of Pueblo County Sheriff's Department,
PUEBLO COUNTY SHERIFF'S DEPARTMENT, and
PUEBLO COUNTY,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Floyd E. Dodds, is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. At the time Plaintiff initiated this action, he was detained in the Pueblo County Jail. Mr. Dodds has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

    The Court must construe the Complaint liberally because Mr. Dodds is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Dodds will be ordered to file an amended complaint.

    In the Prisoner Complaint, Mr. Dodds alleges that on January 13, 2013,

Defendant Quintero said the words "Asalaam Walaakim" to him during breakfast. According to Plaintiff, these words are a greeting for Muslims. Plaintiff, who practices Judaism, objected to the greeting and alleges that he previously told Defendant Quintero that he is a practicing Jew. Mr. Dodds further alleges that Defendant Quintero has made what Plaintiff refers to as the "anti-semitic remark" to Plaintiff and one other Jewish inmate who is African-American. Plaintiff states that Defendant Quintero did not make the same statement to inmates Taylor and O'Keef, who are Caucasian. Mr. Dodds asserts a claim of religious and race discrimination against the Defendants. He requests monetary and injunctive relief.

The Complaint is deficient to the extent Plaintiff is asserting claims against the Pueblo County Sheriff's Department. The Sheriff's Department is not an entity separate from the County of Pueblo and, therefore, is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, to hold the County of Pueblo liable under 42 U.S.C. § 1983, Mr. Dodds must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

The Equal Protection Clause of the Fourteenth Amendment protects inmates from invidious discrimination on the basis of race or religion. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (recognizing that race and religion are suspect classes under the Equal Protection Clause).  Plaintiff must show, however that Defendant Quintero intentionally discriminated against him because of his membership in a protected class.  *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir.1995) (citing *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1977)); *see also Brown v. Sales,* 1998 WL 42527, at 2 (10th Cir. 1998) (unpublished); *Treff v. Dehaan,* 1997 WL 543373, at 1 (10th Cir.1997) (unpublished).  In the Complaint, Mr. Dodds alleges that Defendant Quintero made discriminatory religious remarks to him and another African-America inmate, but Plaintiff does not allege his own race, nor does he state the religion of inmates Taylor and O'Keef.  These facts are insufficient to show discrimination on the basis of race or religion.

Moreover, isolated discriminatory epithets that do not rise to the level of harassment fail to implicate the Constitution.  *See Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999) (holding that "an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.").

Mr. Dodds will be given an opportunity to file an amended complaint to address the deficiencies discussed above.  Accordingly, it is

ORDERED that Plaintiff, Floyd E. Dodds, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of all of part of this action.

DATED March 12, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                           s/ Boyd N. Boland
                                          United States Magistrate Judge