IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00124-BNB

FLOYD E. DODDS,

    Plaintiff,

v.

BRANDON QUINTERO, Deputy of Pueblo County Sheriff's Department,
    in His Official and Individual Capacities,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Floyd E. Dodds, is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Plaintiff was detained in the Pueblo County Jail when he initiated this action. Mr. Dodds has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis.*

On March 12, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because the Pueblo County Sheriff's Department is not a suable entity and Mr. Dodds failed to allege specific facts to hold Pueblo County liable based on an unconstitutional policy or custom. Magistrate Judge Boland also noted deficiencies in the claim that Defendant Quintero, in his individual capacity, had violated Plaintiff's rights under the Fourteenth Amendment's Equal Protection Clause.

Mr. Dodds filed an Amended Complaint on April 17, 2014 (ECF No. 18) that names Pueblo County Sheriff's Deputy Quintero as the sole Defendant, in both his individual and official capacities.

Mr. Dodds has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Dodds is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

Mr. Dodds alleges in the Amended Complaint that on January 13, 2014, Defendant Quintero said the words "Asalam Walakim" while Plaintiff was waiting for his kosher breakfast. According to Mr. Dodds, these words are a greeting for Muslims. Plaintiff, an African-American who practices Judaism, objected to the greeting and alleges that Defendant Quintero is aware that Plaintiff is Jewish. Mr. Dodds further alleges that Defendant Quintero made the same "anti-Semitic" remark to another Jewish inmate, who is also African-American, but did not make the comment to inmates Taylor and O'Keefe, who are Caucasian. Mr. Dodds asserts a claim of religious and race

discrimination against the Defendant.  He requests monetary and injunctive relief.

Mr. Dodds' constitutional claim against Defendant Quintero in his official capacity is construed as a claim against Pueblo County.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff was warned in the March 12 Order that to hold the City and County of Pueblo liable under 42 U.S.C. § 1983, he must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Mr. Dodds has not alleged any facts to show that the alleged constitutional deprivations were caused by a policy or custom of Pueblo County.  Accordingly, Pueblo County is an improper party to this action and will be dismissed.

Further, Plaintiff's claim against Defendant Quintero in his individual capacity is not redressable under § 1983.  The Court construes the claims of race and religious discrimination liberally as arising under the Equal Protection Clause of the Fourteenth Amendment.  The Equal Protection Clause protects inmates from invidious discrimination on the basis of race or religion. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (recognizing that race and religion are suspect classes under the Equal Protection Clause).

However, an isolated discriminatory epithet, without more, fails to implicate the Constitution. *See Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999) (holding that "an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution."); *cf. Boyd v. Stalder*, 273 F.3d 1094 (5th Cir. 2001) (concluding that prisoner stated an equal protection claim based on allegations that "over an eighteen-month period, he was continually subjected to harassment, racial epithets, and threats from a group of white officers").  Mr. Dodds' amended complaint does not allege facts to state an arguable violation of the Fourteenth Amendment Equal Protection Clause by Defendant Quintero, in his individual capacity.

Finally, the facts alleged by Mr. Dodds do not suggest a deprivation of his First Amendment right to free exercise of religion.  The Amended Complaint is devoid of any allegations that Defendant Quintero engaged in conduct that interfered with Plaintiff's right to a reasonable opportunity to pursue his religion.  *Cf. Boles v. Neet*, 486 F.3d 1177, 1182-83 (10th Cir. 2007) (Jewish inmate's allegations that prison policy precluded him from wearing religious garments during transport to a facility outside the prison stated a claim for violation of his First Amendment free exercise rights).  Accordingly, it is

ORDERED that the Amended Complaint and this action are DISMISSED for the reasons discussed above.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Dated April 23, 2014 at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court